JEANE HAMILTON (CA State Bar No. 157834)
DAVID J. WARD (CA State Bar No. 239504)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 436-6660
Facsimile: (415) 436-6687
Email: Jeane.Hamilton@usdoj.gov

Attorneys for the United States

**FILED**

MAY 23 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0765 PJH |
| Plaintiff, | UNITED STATES' MOTION TO REDACT PORTIONS OF THE INDICTMENT, SIGN A CORRECTED ARREST WARRANT AND UNSEAL _U.S. v. MENDEL BEKER, et al_ |
| v. | |
| MENDEL BEKER, a.k.a. Mikhail Lvovich, a.k.a. Michael Beker, ARIE PRILIK and NEWCON INTERNATIONAL LTD. | |
| Defendants. | |

The United States respectfully requests that the Court take the following actions:

1) Order the redaction of all bank account numbers in the Indictment that is made available to the public in the Court Clerk's Office. The United States further requests, however, that the original, unredacted, version of the Indictment remain available to law enforcement, Antitrust Division attorneys and other Division personnel and Court personnel when necessary to perform their official duties.

2) Sign a corrected arrest warrant for defendant Arie Prilik. The original warrant, signed by Magistrate Judge Elizabeth LaPorte on December 4, 2007, incorrectly stated that the Indictment voted out against Prilik on December 4, 2007, charged Prilik with money laundering in violation

1 | of 18 U.S.C. § 1956(a).

2 | 3) Unseal the criminal case <u>United States of America v. Mendel Beker, a.k.a. Mikhail Lvovich,

3 | a.k.a., Michael Beker, Arie Prilik and Newcon International Ltd</u>. (CR 07-0765 PJH).

4 |     The undersigned represent that unsealing these documents in this manner and making the

5 | requested modifications will compromise no law enforcement interest. Attached are a proposed

6 | Order, a copy of the Indictment with the requested redactions and the corrected arrest warrant for

7 | defendant Arie Prilik.

8 |                                 Respectfully Submitted,

10 | Dated: 5/14/08

                                JEANE HAMILTON
                                Trial Attorney
                                Antitrust Division
                                U.S. Department of Justice

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |
| 8 |   |
| 9 |   |
| 10 |   |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>         Plaintiff,           )<br>                              )<br>                              )<br>         v.                   )<br>                              )<br>MICHAEL BEKER, a.k.a.         )<br>Mikhail Lvovich, a.k.a. Mendel Beker, )<br>ARIE PRILIK and               )<br>NEWCON INTERNATIONAL LTD.     )<br>                              )<br>         Defendants.          )<br>_____) | No. CR 07-0765 PJH<br><br>[PROPOSED] ORDER TO REDACT PORTIONS OF THE INDICTMENT AND UNSEAL <u>U.S. v. MENDEL BEKER, et al</u> |

Based upon the motion of the government and for good cause shown, IT IS HEREBY ORDERED:

1) That all bank account numbers be redacted from the Indictment that is made available to the public in the Court Clerk's Office, as shown in the attached Indictment; and

2) The criminal case <u>United States of America v. Mendel Beker, a.k.a. Mikhail Lvovich, a.k.a., Michael Beker, Arie Prilik and Newcon International Ltd</u>. (CR 07-0765 PJH) be unsealed.

DATED: _____           _____
                                    Honorable Phyllis J. Hamilton
                                    United States District Court Judge

```
 1  JEANE HAMILTON (CA State Bar No. 157834)
    NATHANAEL M. COUSINS (CA State Bar No. 177944)
 2  DAVID J. WARD (CA State Bar No. 239504)
    Antitrust Division
 3  United States Department of Justice
```

**FILED**

**SEALED BY COURT ORDER**

DEC - 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**PJH**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 07 No. 0765 |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1343 - Wire Fraud; 18 U.S.C. § 371 - Conspiracy; 18 U.S.C. §1956(a) - Money Laundering; 18 U.S.C. § 982(a)(1) - Forfeiture |
| v. | |
| MENDEL BEKER, a.k.a. Mikhail Lvovich, a.k.a. Michael Beker, ARIE PRILIK and NEWCON INTERNATIONAL LTD. | |
| Defendants. | SAN FRANCISCO VENUE |

### INDICTMENT

The Grand Jury charges:

### BACKGROUND

At all times relevant to this Indictment:

1. Night vision goggles are specially constructed binoculars that allow the user to see objects and surroundings in the dark without additional illumination. The quality of night vision goggles is graded by generations (known as "Gen"), and include Gen I and Gen II night vision goggles. Gen II goggles contain more sophisticated technology than Gen I goggles.

Indictment - Page 1

2. Defendant NEWCON INTERNATIONAL LTD. ("NEWCON"), also known as Newcon Optik, was a privately held company based in Toronto, Canada. NEWCON sells night vision goggles. Whenever in this Indictment reference is made to any act, deed, or transaction of NEWCON, the allegation means that NEWCON engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of NEWCON'S business or affairs.

3. Defendant MENDEL BEKER, a resident of Toronto, Canada, was president and chief executive of NEWCON.

4. Defendant ARIE PRILIK, a resident of Toronto, Canada, was a vice president at NEWCON and reported to BEKER.

5. On or about February 14, 2005, the U.S. Army's Tank-Automotive and Armaments Command ("TACOM"), the military unit tasked with equipping and training the Iraqi Army, awarded a contract valued at approximately $250 million to International Trade Establishment ("ITE"), a civilian military supplier based in Amman, Jordan. Known as the Battalion Set II contract, the contract required ITE to supply the Iraqi Armed Forces with weapons, communications equipment and Gen II night vision goggles.

6. On or about March 12, 2005, ITE awarded the night vision goggles portion of the Battalion Set II contract to American Technologies Network, Inc. ("ATN"), a South San Francisco-based corporation.

COUNTS ONE AND TWO: (18 U.S.C. § 1343 - Wire Fraud)

7. Paragraphs 1 through 6 are realleged as if fully set forth here.

### THE SCHEME TO DEFRAUD

8. Beginning in or about August 2005 and continuing until on or about February 7, 2006, both dates being approximate and inclusive, in the Northern District of California and elsewhere, the defendants:

       MENDEL BEKER,
       ARIE PRILIK and
       NEWCON

Indictment - Page 2

1  did knowingly and intentionally devise and intended to devise, a scheme and artifice to
2  defraud TACOM as to a material matter, to obtain money and property by means of
3  materially false or misleading pretenses, representations, omissions, and promises, related
4  to TACOM's purchase of night vision goggles under the Battalion Set II contract.

5      9.    After failing to disrupt ATN's contract to supply night vision goggles under
6  the Battalion Set II contract, BEKER, PRILIK, and NEWCON devised a scheme to
7  unlawfully enrich themselves by paying ATN to stop supplying night vision goggles under
8  the Battalion Set II contract using false or misleading pretenses, at which point NEWCON
9  would supply the night vision goggles at inflated prices.

10      10.    It was part of the scheme and artifice to defraud that BEKER, PRILIK and
11  NEWCON participated in or did the following, among other things:

12      a.    BEKER contacted an ATN representative and offered to pay ATN to stop
13          supplying night vision goggles under the Battalion Set II contract;
14      b.    BEKER instructed the ATN representative to create an invoice billing
15          NEWCON $50,000 and to falsely describe the $50,000 as a "loan," thereby
16          concealing the true purpose of the $50,000 -- as an initial payment to
17          induce ATN to stop supplying night vision goggles under the Battalion Set
18          II contract;
19      c.    BEKER caused $50,000 to be transferred via wire from a bank account
20          controlled by NEWCON to a bank account controlled by ATN for the
21          purpose of paying ATN to stop supplying night vision goggles under the
22          Battalion Set II contract;
23      d.    PRILIK told a TACOM contracting official that ATN could no longer
24          supply night vision goggles due to production, export and quality problems.
25          PRILIK's statements included false or misleading pretenses. PRILIK then
26          informed the TACOM official that NEWCON could supply the night vision
27          goggles, but at a substantially higher price.
28

Indictment - Page 3

### THE USE OF THE WIRES

11. On or about the dates listed below, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud, and attempting to do so, defendants:

MENDEL BEKER,
ARIE PRILIK and
NEWCON

knowingly transmitted and caused to be transmitted, in interstate and foreign commerce, wire communications as set forth below:

| Count | Date | Route of Wire | Description |
|---|---|---|---|
| ONE | Sept. 7, 2005 | Toronto, Canada to San Mateo, California | $50,000 wire transfer from Bank of Nova Scotia (Acct#: held by Newcon Optik) to Union Bank of California (Acct#: held by American Technologies Network Corp.) |
| TWO | Sept. 20, 2005 | Toronto, Canada to South San Francisco, California | Telephone call from PRILIK to ATN Representative |

All in violation of Title 18, United States Code, Section 1343.

COUNT THREE: 18 U.S.C. § 371 (Conspiracy to Commit Wire Fraud)

12. Paragraphs 1 through 6 and paragraphs 8 through 11 are realleged as if fully set forth here.

13. Beginning in or about August 2005 and continuing until on or about February 7, 2006, both dates being approximate and inclusive, in the Northern District of California and elsewhere, the defendants:

MENDEL BEKER,
ARIE PRILIK and
NEWCON

did knowingly and intentionally conspire and agree to commit wire fraud, in violation of Title 18, United States Code, Section 371.

//

Indictment - Page 4

## OVERT ACTS

14. As part of the conspiracy, and to carry out its objectives, BEKER and PRILIK, as agents of NEWCON and while they were actively engaged in the management, direction, control or transaction of NEWCON's business affairs, committed or caused to be committed the following overt acts, among others, in the Northern District of California and elsewhere:

    a. On or about August 26, 2005, PRILIK spoke by telephone to an ATN representative, proposing that ATN and NEWCON coordinate the price at which they would offer to sell night vision goggles under the TACOM contract. PRILIK described this as "an illegal antitrust."

    b. On or about September 1, 2005, BEKER spoke by telephone to an ATN representative and proposed to compensate ATN in return for ATN's agreement to stop supplying night vision goggles under the Battalion Set II contract.

    c. On or about September 7, 2005, BEKER ordered the wire transfer of $50,000 from a bank account controlled by NEWCON at the Bank of Nova Scotia to a bank account controlled by ATN at the Union Bank of California, the first installment in NEWCON's payments to ATN in return for ATN's agreement to stop supplying night vision goggles under the Battalion Set II contract.

    d. On or about September 20, 2005, PRILIK spoke by telephone to an ATN representative and, among other things, pressed him to sign an agreement containing the false or misleading pretenses under which ATN would stop supplying night vision goggles under the Battalion Set II contract.

All in violation of Title 18, United States Code, Section 371.

COUNT FOUR: (18 U.S.C. 1956(a) - Money Laundering)

15. Paragraphs 1 through 6 and 8 through 11, are realleged as if fully set forth here.

Indictment - Page 5

16.  On or about September 7, 2005, within the Northern District of California and elsewhere, the defendants:

> MENDEL BEKER and
> NEWCON

did transport, transmit or transfer, or cause to be transported, transmitted or transferred, or did attempt to transport, transmit or transfer, a monetary instrument or funds from a place outside the United States to a place in the United States, with the intent to promote the carrying on of specified unlawful activity, namely Wire Fraud as alleged in Counts One and Two herein, by transferring $50,000 from a bank account controlled by NEWCON at the Bank of Nova Scotia in Toronto, Canada, to a bank account controlled by ATN at the Union Bank of California in the Northern District of California, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

FORFEITURE ALLEGATION: (18 U.S.C. § 982(a)(1))

17.  Paragraphs 1 through 6, 8 through 11, and paragraph 16 are hereby re-alleged as if fully set forth here, for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

18.  Upon conviction of the offense alleged in Count Four of this Indictment, the defendants:

> MENDEL BEKER and
> NEWCON

shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), all right, title and interest in property, real or personal, involved in said violation, or any property traceable to such property, including but not limited to:

   a.  all property used in any manner to commit or facilitate the commission of said offenses, including but not limited to $50,000 transferred from a NEWCON bank account at the Bank of Nova Scotia to an ATN bank account at the Union Bank of California.

//

Indictment - Page 6

| | | |
|---|---|---|
| | b. | a sum of money equal to the total amount of money involved in the commission of said offenses. |
| 19. | | If, as a result of any act or omission of the defendants, any of said property |
| | a. | cannot be located upon the exercise of due diligence, |
| | b. | has been transferred or sold to or deposited with a third person, |
| | c. | has been placed beyond the jurisdiction of the Court, |
| | d. | has been substantially diminished in value, or |
| | e. | has been commingled with other property that cannot be divided without difficulty, |

any and all interest the defendants have in any other property, up to the value of the property described in paragraph 18 above, shall be forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

DATED:                                                                 A TRUE BILL

_/s/ Thomas O. Barnett_
Thomas O. Barnett
Assistant Attorney General

FOREPERSON

_/s/ Scott D. Hammond_
Scott D. Hammond
Deputy Assistant Attorney General

Phillip H. Warren
Chief, San Francisco Office

_/s/ Marc Siegel_
Marc Siegel
Director of Criminal Enforcement

Jeane Hamilton
Nathanael M. Cousins
David J. Ward
Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate Ave.
Box 36046, Room 10-0101
San Francisco, CA 94102
(415) 436-6660

United States Department of Justice
Antitrust Division

_/s/ Scott N. Schools_
Scott N. Schools
United States Attorney
Northern District of California

Indictment - Page 7

≫AO 442   (Rev. 08/07) Warrant for Arrest

# UNITED STATES DISTRICT COURT

       Northern      District of      California

UNITED STATES OF AMERICA

V.

MENDEL BEKER, a.k.a. Mikhail Lvovich, a.k.a. Michael Beker, ARIE PRILIK AND NEWCON INTERNATIONAL LTD.

**WARRANT FOR ARREST**

Case Number: CR 07-0765 PJH

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ Arie Prilik _____
                                                                                                                             Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☒ Indictment    ☐ Information    ☐ Complaint    ☐ Order of court

☐ Pretrial Release    ☐ Probation    ☐ Supervised Release    ☐ Violation Notice
   Violation Petition      Violation Petition     Violation

charging him or her with   (brief description of offense)

Wire Fraud; Conspiracy to Commit Wire Fraud

☒ in violation of Title   18   United States Code, Section(s)  1343; 371

☐ in violation of the conditions of his or her pretrial release imposed by the court.

☐ in violation of the conditions of his or her supervision imposed by the court.

Phyllis J. Hamilton
    Name of Issuing Officer                                        Signature of Issuing Officer

U.S. District Court Judge
    Title of Issuing Officer                                              Date and Location

**RETURN**

This warrant was received and executed with the arrest of the above-named individual at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |